IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
**HONORABLE A. BRUCE CAMPBELL**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MICHAEL CHRISTOPHER SHEPARD | ) | Case No. 10-41987 ABC |
| SSN:  XXX-XX-4925 | ) | Chapter 7 |
| KIMBERLY ANN SHEPARD | ) | |
| SSN:  XXX-XX-6656 | ) | |
| | ) | |
| Debtors. | ) | |

ORDER DENYING MOTION FOR STAY PENDING APPEAL

    Before the Court is the Motion for Stay Pending Appeal ("Motion for Stay") filed by Wells Fargo Financial Colorado, Inc. ("WFF").  WFF filed a Notice of Appeal with respect to two orders issued by this Court.  On May 4, 2011, this Court issued its Order Denying Motion to Approve Reaffirmation Agreement ("Order Denying Joint Motion to Set Hearing") at Docket #24.[1]  Immediately thereafter, this Court issued its Order Denying Motion to Defer Entry of Order of Discharge ("Order Denying Deferral of Discharge") at Docket #25.

    WFF's Motion for Stay is directed only to the Order Denying Deferral of Discharge.  WFF is concerned that if Debtors receive an order of discharge in their case, WFF's appeal will be moot.  It is WFF's view that "because of the statutory mandate under 11 U.S.C. §524(d)," its reaffirmation agreement with Debtors "must precede the entry of the discharge order to be enforceable."

    A brief recitation of the procedural posture of this case is useful to an understanding of the Court's denial of WFF's Motion for Stay now before the Court.  On December 23, 2010, Debtors, with the advice and assistance of an attorney filed this Chapter 7 case.[2]  On February

---

[1] The order docketed at entry number 24 is captioned "Order Denying Motion to Approve Reaffirmation Agreement."  The motion which this Court denied in that order is captioned "Joint Motion to Set Reaffirmation Agreement Approval Hearing."  Thus, because the order denies the parties' joint request to set a hearing, this Court will refer to the order as Order Denying Joint Motion to Set Hearing.

[2] The Debtors' attorney filed the fee disclosure required by 11 U.S.C. §329(a) and Fed.R.Bankr.P. 2016(b) ("Fee Disclosure") at Docket #3. In that Fee Disclosure, the attorney represents:

> In return for the above-disclosed fee, I have agreed to render legal services for ***all aspects of the bankruptcy case***, including:
>     (a) Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
>     (b) Preparation and filing of petition, schedules, statement of affairs and plan

15, 2011, WFF filed with the Court a Motion for Approval of Reaffirmation Agreement and the related Reaffirmation Agreement. The Agreement was executed by Debtors on January 28, 2011 and by a representative of WFF on February 8, 2011.

The deadline for creditors to object to Debtors' discharge or dischargeability of debts under section 523(c) of the Code expired on March 22, 2011. Pursuant to Fed.R.Bankr.P. 4004(c)(1), the court, upon expiration of the times fixed for objecting to discharge or for filing a motion to dismiss under section 707(b) or (c), is charged with the duty to "forthwith grant the discharge" unless certain exceptions obtain.

The Court has not yet complied with Rule 4004(c)(1) in Debtors' case. First, one of the exceptions under Rule 4004(c)(1)(A) through (L) applies. Debtors applied to pay the fee for filing their case in installments. The Court granted Debtors' request and they made their last installment payment on April 19, 2011. Thus, pursuant to Rule 4004(c)(1)(G), the Court was relieved of the duty to enter the order of discharge until Debtors paid the filing fee in full.

Then, on April 19, 2011, the day on which Debtors made their last payment, Debtors moved under Rule 4004(c)(2) to defer the entry of the Order of Discharge for 30 days.[3] The Debtors so moved "to allow a hearing on the pending Reaffirmation Agreement with Wells Fargo Financial Colorado, Inc." Also on April 19, 2011, Debtors and WFF filed a Joint Motion to Set Reaffirmation Agreement Approval Hearing ("Debtors/WFF Joint Motion to Set Hearing").[4]

On May 4, 2011, this Court issued its orders denying the Debtors/WFF Joint Motion to Set Hearing and Debtors' Motion to Defer Discharge. The Order Denying Joint Motion to Set Hearing rejected the Debtors' and WFF's request that a hearing be set on the reaffirmation agreement which was filed in February of 2011. Although the Debtors are represented by an

---

which may be required;
(c) Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof; . . . (Emphasis added.)

In addition, the attorney certifies that the agreed fee did not exclude any services.

[3]Fed.R.Bankr.P. 4004(c)(2) provides:

Notwithstanding Rule 4004(c)(1), on motion of the debtor, the court may defer the entry of an order granting a discharge for 30 days and, on motion within that, the court may defer entry of the order to a date certain.

[4]Debtors' attorney did not sign either of the motions.

attorney in this case, the Debtors' attorney did not sign "a declaration or an affidavit" as contemplated by 11 U.S.C. §524(c)(3).[5]

WFF is of the view that because the Debtors' attorney did not sign "a declaration or an affidavit" as contemplated by 11 U.S.C. §524(c)(3), Debtors were not represented by an attorney "during the course of negotiating" the reaffirmation agreement. Thus, in order for the reaffirmation agreement to be enforceable in the present circumstances where the debtor is represented by counsel, but counsel has declined to endorse the reaffirmation agreement, WFF suggests that the court must approve the agreement.

When denying motions to set hearings on approval of reaffirmation agreements, where the debtor is represented by an attorney, but the attorney has not signed the affidavit required by section 524(c)(3), this Court considers that the debtor is represented by an attorney "during the course of negotiating" the reaffirmation agreement. Such construction is influenced by the ethical standards imposed upon attorneys when they undertake client representation. When representing a Chapter 7 debtor, something as fundamental as whether a debtor should agree to be obligated to pay a debt which is otherwise dischargeable cannot be excluded from that representation.[6]

This Court's Order denying the Debtors/WFF Joint Motion to Set Hearing noted that because Debtors *are* represented by an attorney, this Court need not "approve" the reaffirmation agreement. Once the Court had denied the Debtors/WFF Joint Motion to Set Hearing, there was no need to defer entry of an order of discharge. Accordingly, this Court issued its Order Denying Deferral of Discharge.

---

[5]Section 524(c) of the Bankruptcy Code sets out the requirements which must be met in order for a reaffirmation agreement to be enforceable by the creditor against the debtor. Among those requirements is one in subsection 524(c)(3) that:

> such agreement has been filed with the court and, if applicable, accompanied by a declaration or affidavit of the attorney that represented the debtor during the course of negotiating an agreement under this subsection . . .

[6]Whether an attorney can "unbundle" such a service as essential as advising a Chapter 7 debtor about whether to reaffirm a debt, otherwise dischargeable, is the subject of opinions from two other bankruptcy courts within the Tenth Circuit. See *In re Minardi*, 399 B.R. 841 (Bankr.N.D. Okla. 2009) and *In re Perez*, 2010 WL 2737187 (Bankr.D.N.M. July 12, 2010) (Unpublished). The court in each case concludes that an attorney cannot exclude advice about whether to reaffirm a debt from the scope of competent representation of a Chapter 7 debtor. *In re Minardi*, 399 B.R. at 848; and *In re Perez*, 2010 WL 2737187 at 3 (*citing In re Minardi,* 399 B.R. at 848). Alternatively, as the *Minardi* court suggests, an attorney's failure to sign the declaration under section 524(c)(3) may not be "unbundling" at all. *In re Minardi*, 399 B.R. at 847. Rather, the attorney's refusal to sign the declaration could be construed as a signal to the court that the attorney believes it is inadvisable for the debtor to reaffirm the particular debt. *Id.*

Notwithstanding the Order Denying Deferral of Discharge, the order of discharge has not entered. In the Motion now before the Court, WFF moves to "stay" the entry of the order of discharge pending its appeal of the Order Denying Deferral of Discharge. WFF is concerned an order of discharge will moot its appeal. WFF interprets section 524(d) to require "that a reaffirmation agreement must precede the entry of the discharge to be enforceable."

WFF's concern is without basis. First, section 524(d) permits the court to hold the hearing referred to in that section,[7] to advise a debtor who is not represented by counsel, of the consequences of reaffirmation of a debt, either before or after the entry of a discharge order. In addition, section 524(c) conditions enforceability of a reaffirmation agreement on certain requirements including, whether "such agreement was *made* before the granting of the discharge under section 727 . . . ."(Emphasis added). The record before the Court indicates that Debtors and WFF entered into the reaffirmation agreement well before the Debtors were eligible to receive their discharge initially. Accordingly, it is

ORDERED that WFF's Motion for Stay Pending Appeal is DENIED; and it is

FURTHER ORDERED that an order of discharge shall enter in accordance with the directive of Fed.R.Bankr.P. 4004(c)(1).

DATED: June 8, 2011         BY THE COURT:

_____
A. Bruce Campbell
United States Bankruptcy Judge

---

[7] Section 524(d) of the Code reads, in pertinent part, as follows:

> In a case concerning an individual, when the court has determined whether to grant or not to grant a discharge under section 727, . . . , the court may hold a hearing at which the debtor shall appear in person. At any such hearing, the court shall inform the debtor *that a discharge has been granted* or the reason why a discharge has not been granted. *If a discharge has been granted* and if the debtor desires to make an agreement of the kind specified in subsection (c) of this section and was not represented by an attorney during the course of negotiating such agreement, then the court shall hold a hearing at which the debtor shall appear in person and at such hearing the court shall . . . inform the debtor . . . that such an agreement is not required. . . ; of the legal effect and consequences of [a reaffirmation agreement] . . . ; and . . . determine whether the agreement [ imposes an undue hardship on the debtor or a dependent of the debtor and is in the best interest of the debtor ]. (Emphasis added).