IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
**HONORABLE A. BRUCE CAMPBELL**

| | |
|---|---|
| In re: ) | |
| MICHAEL CHRISTOPHER SHEPARD ) | Case No. 10-41987 ABC |
| SSN:   XXX-XX-4925 ) | Chapter 7 |
| KIMBERLY ANN SHEPARD ) | |
| SSN:   XXX-XX-6656 ) | |
| Debtors. ) | |

ORDER DENYING SECOND JOINT MOTION TO SET
REAFFIRMATION AGREEMENT APPROVAL HEARING

Before the Court is the Joint Motion to Set Reaffirmation Agreement Approval Hearing ("Joint Motion") filed by Debtors and Wells Fargo Financial Colorado, Inc. ("WFF"). Debtors, who are now unrepresented because their attorney withdrew from this case, and WFF ask this Court to set a hearing on the reaffirmation agreement entered into between Debtors and WFF at some time at or before February 15, 2011 ("Reaffirmation Agreement"), a date well before the discharge order entered in this case.[1]

By way of background, Debtors and WFF previously requested that the Court set a hearing to consider approval of their Reaffirmation Agreement. Debtors were represented by an attorney at the time they entered into the Reaffirmation Agreement but that attorney did not sign the affidavit or declaration required by 11 U.S.C.§524(c)(3)(A), (B) and (C). Debtors and WFF filed their First Joint Motion to Set Reaffirmation Agreement Approval Hearing ("First Joint Motion") on April 19, 2011.

In their First Joint Motion, Debtors and WFF asserted that the debtors' attorney "was not involved" in the negotiations between the Debtors and WFF. They relied on *In re Mendoza*, 347 B.R. 34 (W.D.Tex.2006) for the proposition that the absence of the attorney's signature on the Reaffirmation Agreement is the "equivalent of the debtor being unrepresented." *Id* at 41. For that reason, and in to achieve enforceability of the Reaffirmation Agreement, Debtors and WFF asked this Court to set the hearing provided for in 11 U.S.C. §524(c)(6)(A).

On May 4, 2011, this Court issued an Order Denying Motion to Approve Reaffirmation Agreement at Docket # 24 ("Order"). That Order denied the First Joint Motion because the Debtors were represented by counsel.

On June 24, 2011, Debtors' attorney moved to withdraw from this case. The attorney served notice of time to object and no objections or responses were filed. Thus, on August 1, 2011 this Court issued an order permitting the attorney to withdraw from this case.

On September 2, 2011, Debtors and WFF filed this Joint Motion at Docket #51. They assert that because counsel for Debtors has been granted leave to withdraw, they are no longer represented by an attorney and are proceeding pro se. On that basis they contend that it is now appropriate for the Court to schedule the hearing provided for in 11 U.S.C. §524(c)(6)(A) to consider approving the Reaffirmation Agreement.

---

[1] The Discharge Order entered in this case on June 8, 2011.

This Court has reviewed the Joint Motion and the Reaffirmation Agreement and the record in this case. This Court, however, cannot grant the Joint Motion.

On June 8, 2011, this Court issued an Order Denying Motion for Stay Pending Appeal ("Order Denying Stay Pending Appeal") in connection with the appeal WFF filed in this case. In that Order Denying Stay Pending Appeal, this Court expounded on this Court's conclusion expressed in the Order which denied the First Joint Motion as follows:

> When denying motions to set hearings on approval of reaffirmation agreements, where the debtor is represented by an attorney, but the attorney has not signed the affidavit required by section 524(c)(3), this Court considers that the debtor is represented by an attorney "during the course of negotiating" the reaffirmation agreement. Such construction is influenced by the ethical standards imposed upon attorneys when they undertake client representation. When representing a Chapter 7 debtor, something as fundamental as whether a debtor should agree to be obligated to pay a debt which is otherwise dischargeable cannot be excluded from that representation.

*In re Shepard*, 453 B.R. 416, 418-419 (Bankr.D.Colo 2011). See also *In re Minardi*, 399 B.R. 841 (Bankr.N.D. Okla. 2009) and *In re Perez*, 2010 WL 2737187 (Bankr.D.N.M. July 12, 2010) (Unpublished). In a footnote to the paragraph quoted above, this Court commented upon an alternative inference which may be drawn from the absence of an attorney's signature on a reaffirmation agreement. Perhaps, the debtor's attorney refused to sign the reaffirmation agreement because he or she believed it was inadvisable for the debtor to reaffirm the debt which is the subject of the agreement. *In re Shepard*, 453 B.R. at 419 n.6, citing *In re Minardi*, 399 B.R. 841, 847 (Bankr.N.D. Okla. 2009).

The fact that Debtors' attorney has now been permitted to withdraw from representing the Debtors does not alter this Court's analysis of 11 U.S.C. §524(c)(6). Debtors were represented by an attorney *during the course of negotiating* the Reaffirmation Agreement. The attorney's withdrawal at some later date, in this case, a date well after the Debtors received a discharge, does not undo the attorney's representation of the Debtors at any time prior to the order authorizing his withdrawal, including his representation of the Debtors during the time that WFF and the Debtors negotiated the Reaffirmation Agreement. Accordingly, it is

ORDERED that the Joint Motion is DENIED.[2]

DATED: September 16, 2011         BY THE COURT:

_____
A. Bruce Campbell
United States Bankruptcy Judge

---

[2] This Court recognizes WFF's efforts on Debtors' behalf. The spirit of the statute at Section 524(c)(3) and this Court's view of debtors' attorneys' responsibilities in representing their clients precludes this Court from second guessing debtors' counsels' advice in connection with whether a reaffirmation agreement is in debtors' best interests.